UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID OANCEA, | Case No. 2:154-CV-425 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| ANGELINA PAVEL, | |
| Defendant(s). | |

Presently before the court is plaintiff's motion for default judgment.  (Doc. # 10).

Plaintiff moves the court to enter default judgment against defendant Angelina Pavel. (*Id.*). Plaintiff filed a summons return executed with the court.  (Doc. # 6).  Defendant has not filed an answer to the complaint and the deadline date for filing an answer has passed.  Plaintiff filed a motion for entry of clerk's default, and the clerk of the court entered default against defendant. (Docs. ## 8, 9).

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . ."  Fed. R. Civ. P. 55(a).  Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."  Fed. R. Civ. P. 55(b)(2).

Obtaining a default judgment entails two steps: "first, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party."  *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

**James C. Mahan**
**U.S. District Judge**

1    Where a party has not been properly served, there is no basis for a court to enter default judgment.
2    *See Fairly v. Potter*, 2003 WL 402261, *4 (N.D. Cal. 2003).

3    The choice whether to enter a default judgment lies within the discretion of the trial court.
4    *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980).  In the determination of whether to grant
5    a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*,
6    782 F.2d 1470, 1471-72 (9th Cir. 1986).  These factors are: (1) the possibility of prejudice to
7    plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money
8    at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to
9    excusable neglect, and (7) the policy favoring a decision on the merits.  *Id.*  In applying these *Eitel*
10   factors, "the factual allegations of the complaint, except those relating to the amount of damages,
11   will be taken as true."  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed.
12   R. Civ. P. 8(d).

13   Plaintiff has properly complied with Rule 55.  Defendant has not appeared and answered,
14   even though defendant has been served.  The deadline date for filing an answer has expired.  After
15   considering the *Eitel* factors, the court finds it appropriate to enter default judgment against the
16   defendant.

17   Accordingly,

18   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
19   default judgment (doc. # 10) be, and the same hereby, is GRANTED.

20   IT IS FURTHER ORDERED, ADJUDGED AND DECRRED that plaintiff shall prepare
21   and file an appropriate judgment for the court's signature.

22   DATED July 1, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -